UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

PHILIP VON KAHLE,

    Plaintiff,

vs.

CARGILL, INC.,

    Defendant.

_____/

PRIMARY CASE:
Southern District of New York
Case No. 21-cv-08532-AT

### MOTION TO QUASH NON-PARTY SUBPOENA AND FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 45(d) and Rule 26(c)(1) of the Federal Rules of Civil Procedure, Non-Party Ernesto Alvarez ("Alvarez") respectfully moves the Court to quash the subpoena for deposition, attached as **Exhibit 1**, served on Alvarez by Plaintiff and Assignee, Philip Von Kahle ("Plaintiff"), and for a protective order, to prevent the deposition of Alvarez unilaterally set for January 27, 2022, and to protect non-party Alvarez from having to sit for multiple depositions.[1]

### INTRODUCTION

Rule 45 requires that a party take reasonable steps to avoid imposing an undue burden on a non-party subject to a subpoena. Here, Plaintiff's insistence that Alvarez sit for *multiple* depositions in this and related cases flouts Rule 45's directive. Without providing any reason,

---

[1] Plaintiff issued the subpoena in Primary Case No. 21-cv-08532-AT, in the Southern District of New York. While the subpoena fails to state a place of compliance other than "Via Zoom platform," because Alvarez resides and was served in Miami-Dade County, Florida, the place of compliance is the Southern District of Florida. *See* Fed. R. Civ. P. 45(c)

Plaintiff seeks to depose Alvarez immediately, before any documents have been produced in the matter, and over the objections of non-party Alvarez and the Defendant in this case, Cargill, Inc. ("Cargill").

## BACKGROUND

Plaintiff is the Assignee in an assignment of for the benefit of creditors proceeding that began on July 7, 2020, Case No. 2020-0149293-CA-01 (Fla. 11th Cir. Ct. Miami-Dade Cty.) (the "ABC Case"), with respect to the assets of Coex Coffee International, Inc. ("Coex"). Plaintiff, as Assignee, subsequently filed various supplemental complaints related to the ABC Case (all together, the "Coex Proceedings").

One of Plaintiff's supplemental complaints was filed on July 1, 2021, against Alvarez, Ernesto Romero ("Romero"), and Cargill (the "Florida Cargill Case"). Plaintiff's claims involve guarantees that Coex entered into with Cargill between April 2016 and January 2020 (the "Guarantees"). Plaintiff initially alleged that Alvarez and Romero—principals of Coex—breached their fiduciary duties to Coex, and entered into a conspiracy with Cargill, by entering into the Guarantees for the alleged purpose of paying the debt of a Coex-related company.

On August 16 and 17, 2021, Plaintiff filed three additional supplemental complaints in the Coex Proceedings regarding certain creditors' objections to the Assignee's First Notice of Proposed Distributions and seeking declaratory relief (collectively, the "First NPD Proceedings"). Alvarez is not a party to these First NPD Proceedings.

On September 15, 2021, in the Florida Cargill Case, Cargill moved to dismiss the claims against it, and on September 20, 2021, Alvarez and Romero filed motions to dismiss the claims against them., Plaintiff agreed to stay discovery pending the outcome of the motions to dismiss. On October 19, 2021, the court dismissed the claims against Cargill due to a mandatory forum

2

selection clause in the Guarantees requiring Plaintiff to bring his claims in the U.S. District Court for the Southern District of New York.[2]

On November 29, 2021, Plaintiff filed the instant action in the Southern District of New York against Defendant Cargill (the "SDNY Cargill Case"). The claims against Alvarez and Romero, however, remain in state court as part of the Coex Proceedings. The claims against Cargill, Alvarez, and Romero are inextricably intertwined, as evidenced by the fact that Plaintiff initially filed the Florida Cargill Case against all three defendants. The fact that there are now two separate cases solely results from the Guarantees' forum selection clause.

On November 22, 2021, in a thinly veiled attempt to end run the agreed discovery stay in the Florida Cargill Case while Alvarez's motion to dismiss was pending, Plaintiff unilaterally set Alvarez for deposition through a subpoena in the First NPD Proceedings, where Alvarez is not a party. Alvarez filed a motion for protective order to prevent the deposition. On December 21, 2021, the Honorable Peter R. Lopez, the judge presiding over the Coex Proceedings, granted Alvarez's motion, ordering that there be only one deposition of Alvarez after the production of documents:

> Ernesto Alvarez is excused from appearing for a deposition on December 9, 2021. The Court orders that there will be only one deposition of Alvarez in the ABC Case and the Supplemental Proceedings absent subsequent agreement or Court Order permitting additional deposition proceedings as to Alvarez. The deposition shall take place on a mutually convenient date coordinated with counsel for Alvarez, the Assignee, and all interested parties to the ABC Case and the Supplemental Proceedings seeking such deposition, and shall take place following the Court's ruling on BANA's Motions to Compel and the production of any documents required to be produced as a result of the Court's ruling on BANA's Motions to Compel.

---

[2] On November 4, 2021, the state court briefly heard Alvarez's and Romero's motions to dismiss the Florida Cargill Case, but the hearing was continued. Plaintiff thereafter filed his First Amended Complaint against Alvarez and Romero on December 7, 2021. Alvarez and Romero have moved to partially dismiss the First Amended Complaint because it includes claims that fall outside the four-year statute of limitations period. A hearing on their motion to dismiss the First Amended Complaint is set for February 8, 2021.

3

*See* Order, attached as **Exhibit 2**.

After Plaintiff's failed effort to conduct multiple depositions in the Coex Proceedings, he decided to try again in the instant case. On December 29, 2021, without notice to undersigned counsel and again based on a unilaterally selected date, Plaintiff served Alvarez with a defective subpoena for deposition on January 10, 2022. In addition to failing to confer with undersigned counsel, Plaintiff ignored that Defendant Cargill's counsel was unavailable on that date. *See* email correspondence, attached as **Exhibit 3**. While Plaintiff initially insisted on moving forward on January 10, 2022, despite ineffective service on Alvarez and despite Defendant Cargill's objections, Plaintiff has since served a subpoena on Alvarez to appear for deposition on January 27, 2022, another date that was not cleared with undersigned counsel. *See* **Exhibit 1**.

Plaintiff's request for a deposition in January 2022 is premature and circumvents Judge Lopez's order that there will be only one deposition of Alvarez after document production. Furthermore, Defendant Cargill takes the position that a January 2022 deposition of Alvarez is premature and should instead be in April or May 2022, after documents have been produced. *See* **Exhibit 3**. Accordingly, Defendant Cargill has stated that if Plaintiff is permitted to take Alvarez's deposition before documents have been produced and before Cargill has sufficient time to review those documents, Cargill will seek to take a second deposition of Alvarez. *Id.*

## **ARGUMENT**

Alvarez should not have to sit for more than one deposition, and the deposition of Alvarez should take place after document production and on a mutually convenient date coordinated among Alvarez, Plaintiff, Defendant Cargill, and all parties in the related cases, including the Coex Proceedings.

Rule 45(c)(1) imposes a duty on a party or attorney issuing a subpoena "to take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena...." Fed. R. Civ. P. 45(c)(1). If a subpoena subjects a nonparty to undue burden, the Court must quash or modify it. Fed. R. Civ. P. 45(d)(3)(A)(iv)). In addition, "[t]he court, may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).

Importantly, under Rule 26(b), "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rules if it determines that . . . the discovery sought is unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b); *see also Rollins v. Cone Distrib., Inc.*, 710 F. App'x 814, 820 (11th Cir. 2017) (affirming denial of motion to compel "a second deposition of Lopez"); *Cossio v. Fountainebleau Fla. Hotel, LLC.*, No. 07-21671-CIV, 2009 WL 10699423, at *4 (S.D. Fla. June 10, 2009) (granting motion for protective order to prevent second depositions of witnesses because "[t]he proposed depositions here would result in duplicative testimony, clearly barred under the Federal Rules of Civil Procedure").

Here, Plaintiff provides no reason to impose an undue burden on Alvarez to sit for multiple depositions in this matter and the related Coex Proceedings. No documents have yet been produced, and no other depositions have taken place. The only other party to the action, Defendant Cargill, opposes the deposition of Alvarez until documents have been produced, in April or May 2022.

Judge Lopez has already rejected Plaintiff's attempt to take premature and multiple depositions in the Coex Proceedings. *See* **Exhibit 2**. The Florida Cargill Case that is part of the Coex Proceedings and the SDNY Cargill Case arise from the same set of facts. *Compare* First Am. Compl. in Florida Cargill Case, No. 2021-016033-CA-01 (Fla. 11th Cir. Ct. Miami-Dade Cty.)

*with* Compl. in SDNY Cargill Case, No. 21-cv-08532-AT, at D.E. No.1 (S.D.N.Y.). Plaintiff in fact first attempted to bring his claims against Defendant Cargill in the Florida Cargill Case where Alvarez is still a defendant. The only reason Plaintiff subsequently brought a separate action against Cargill in the Southern District of New York is because Cargill was dismissed from the Florida Cargill Case due to the mandatory forum selection clause of the Guarantees.

Plaintiff, as the Assignee of Coex, is in possession of the overwhelming majority of the relevant documents in this matter. While Alvarez was one of the principals of Coex, Alvarez has not had access to Coex's documents since the commencement of the Florida ABC Case, and he must wait for such documents to be produced by Plaintiff, as the Assignee of Coex. Plaintiff, of course, would undoubtedly prefer that Alvarez be deposed without the benefit of being able to access any of the relevant documents beforehand. Indeed, Plaintiff proposed to Defendant Cargill that if Defendant Cargill would agree to a January 2022 deposition of Alvarez, Plaintiff would provide to Cargill ahead of time the specific documents he intends to use at the January deposition, but not to Alvarez. *See* **Exhibit 3.** Defendant Cargill, however, rejected Plaintiff's proposal because it wants sufficient time to review all relevant documents, and not just those documents Plaintiff selects for deposition. *Id.*

Plaintiff has not yet produced any documents in the instant action. Moreover, in the Coex Proceedings, Plaintiff has objected to the production of documents, and these objections are the subject of pending motions to compel by one of Coex's creditors, Bank of America. Judge Lopez agreed with Alvarez that those documents should be produced before Alvarez's deposition and that there should be only one deposition of Alvarez for all of the related cases after the production of documents. *See* **Exhibit 2**. This Court should likewise order that Alvarez be subject to only one

6

deposition, after documents are produced, to occur in conjunction with Alvarez's deposition in the Coex Proceedings.

## CONCLUSION

For the foregoing reasons, Alvarez respectfully requests that the Court quash the subpoena for deposition set for January 27, 2022, and enter a protective order to prevent Alvarez from sitting for more than one deposition, which shall not occur until after document production. Alvarez also requests that the Court order the deposition of Alvarez to be coordinated among the parties to the instant federal action and the related Coex Proceedings, so that the deposition of Alvarez in the Coex Proceedings occurs at the same time as the deposition in this action, and for any other relief the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Local Rule 7.1(a)(3), counsel for Alvarez conferred with counsel for Plaintiff, Defendant, and Romero in a good faith effort to resolve the issues raised in the motion and has been unable to do so because of Plaintiff's objections. *See* Exhibit 3.

Dated January 14, 2022

Respectfully submitted,

**Marcos Daniel Jiménez**
Marcos Daniel Jiménez
 Florida Bar No. 441503
Email: mdj@mdjlegal.com
Email: lois@leoncosgrove.com

**MARCOS D. JIMENEZ, P.A.**
255 Alhambra Circle – 8th Floor
Miami, Florida 33134
Tel: 305.740.1975

Ellen Ross Belfer
 Florida Bar No. 685208
Email: ebelfer@leoncosgrove.com
Email: lburns@leoncosgrove.com

**LEÓN COSGROVE, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: 305.740.1975
Facsimile: 305.437.8158

*Counsel for Ernesto Alvarez*